## Ex Parte John Morgan.

### No. 2987. Decided April 12, 1905.

#### 1.—Habeas Corpus—Contempt—Statutes Construed.

Under article 3013, Revised Civil Statutes, the sole authority of the district court is to commit to jail until the recalcitrant party purges himself of contempt, in such manner and form as may be directed by the court; and under article 1101, idem., the said court has power by fine not exceeding $100 and by imprisonment not exceeding three days to finally punish persons guilty of contempt of said court.

#### 2.—Same—Jurisdiction—Excessive Fine and Imprisonment.

Where upon appeal to the Court of Criminal Appeals, it was shown that appellant had sued out a writ of habeas corpus before a district judge, under an attachment for contempt for violating an injunction of the district court restraining him from selling intoxicating liquor without paying State and county occupation tax, and that the said court had remanded him to custody, assessing a fine of $300 and confinement in the county jail for a term of fifteen days, making said punishment absolute for a contempt of said court. Held that the court exceeded his power and jurisdiction, as he could only commit conditionally under article 3013, Revised Civil Statute, until appellant purged himself of contempt, and could only assess absolutely a fine not exceeding $100 and imprisonment not exceeding three days under article 1101, idem.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

Appeal from an order remanding relator to custody, on proceeding by habeas corpus.

The opinion states the case.

No briefs of either party have reached the hands of the Reporter.

HENDERSON, JUDGE.—This is an appeal from a habeas corpus proceeding before Hon. W. J. Oxford, judge of the 29th judicial district. The agreed statement of facts shows that local option was adopted in Erath County; that appellant had previously been engaged in the saloon business in said county, and continued after the adoption of local option to sell intoxicating liquors. Suit was brought against him in the district court of said county, and he was restrained from making sales of intoxicating liquors, without paying the State and county tax, alleged to be $200 for the State and $100 for the county. After he was so enjoined, it appears he violated the injunction by making a sale of intoxicating liquors. Proper affidavit was filed against John Morgan, charging him with violating said injunction. Attachment was issued for him and he was brought before the district judge on a contempt proceeding. The judgment recites that after being brought before the court he pleaded guilty to the charge of violating the injunction, and the judgment then proceeds as follows: "And the court having heard the evidence herein and the argument of counsel and the law is of the opinion that the defendant John Morgan is guilty of contempt as charged in said complaint. It is therefore ordered, adjudged and decreed by the court, that the said defendant John Morgan is guilty of wilful contempt of the District Court of Erath County, Texas, and for such wilful contempt it is further ordered, adjudged and decreed by the court that said defendant John Morgan be fined the sum of $300 and that he be committed to the jail of Erath County for a period of fifteen days from this date, and further until the fine and the costs of this proceeding are fully paid, in order that said defendant may purge himself of this contempt."

As stated appellant sued out a writ of habeas corpus before said district judge, who remanded him to custody and he has prosecuted an appeal to this court.

Appellant assigns a number of errors, several of which he claims are fatal to this conviction for contempt. But in the view we take of the matter it is only necessary to consider one question. That is, did the district judge have authority to fine appellant for contempt of court in the sum of $300 and imprison him in the county jail for fifteen days? This is not like the cases of Ex parte Tinsley, 37 Texas Crim. Rep., 517; and Ex parte Park, 37 Texas Crim. Rep., 590, where the court exercised its power to enforce a compliance with the order of the court by imprisonment. Nor, in our opinion, is it an exercise of the power of the court under article 3013, Revised Civil Statutes, authorizing the court to punish for disobedience of an injunction. Said article reads, as follows: "On return of such attachment the court or judge shall proceed to hear proof, and if satisfied that such person has disobeyed the injunction, either directly or indirectly, he shall be committed to jail without bail, until he purges himself of said contempt in such manner and form as may be directed by the court or judge." Under this article it appears that the sole authority vested in the court in such cases is to com-

mit to jail until the recalcitrant party purges himself of such contempt, in such manner and form as may be directed by the court. That is, on disobedience of an injunction the court can imprison without bail and hold such party in custody until he purges himself, after the manner and form directed by the court. Here there is nothing in the judgment suggesting how appellant might purge himself, but the judgment both as to imprisonment and fine is definite and absolute. As we take it, this was simply an attempt on the part of the court to finally punish appellant as for a contempt in disobeying the injunction. In a matter of this character we understand our statute, article 1101, Revised Civil Statutes, to fix the jurisdiction of the district court to punish for contempt. Said article reads: "The district court shall also have power to punish by fine not exceeding $100 and by imprisonment not exceeding three days any person guilty of contempt of said court." Here the party was adjudged guilty of contempt, and his punishment made absolute. Evidently the court must have acted under this statute. But in assessing the punishment it exceeded its power and jurisdiction. Consequently the judgment cannot be maintained. The judgment is reversed and the appellant ordered discharged.

*Reversed and relator discharged.*